## DONAHOE v INDUST. COMM.

Ohio Appeals, 2nd Dist, Champaign Co.

No. 105.   Decided April 30, 1940.

Lowell C. Bodey, Urbana, and Cowan, Adams & Adams, Columbus, for plaintiff-appellee.

Thomas J. Herbert, Atty. Gen., Columbus, and E. P. Felker, Ass't. Atty. Gen., Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Comon Pleas of Champaign County, Ohio.

Plaintiff-appellee in his petition filed in the trial court alleged among other things, his filing of application before the Industrial Commission of Ohio, asking for compensation on account of claimed disability. The petition set forth the various steps taken as condition precedent to filing his action in court.

Defendant filed a demurrer to the petition which was overruled. Defendant not desiring to plead further, the Court entered final judgment in favor of the plaintiff, finding that the plaintiff was entitled to participate in the Workmen's Compensation Fund; that he recover from the defendant his costs, etc.

This is a very unusual procedure, but nevertheless authorized if warranted under the allegations of the petition.

The following quotation from plaintiff's petition presents the full statement of facts upon which plaintiff's claim for compensation is based:

"On or about the 23rd day of March, 1938, he (plaintiff) was in the employ of the State Highway Department at Urbana, Ohio, as a laborer, loading tar barrels on to a rack at the State Highway Garage, Division 7, Urbana, Ohio; that at all times mentioned in the petition the State Highway Department was amenable to and had complied with the Workmen's Compensation Law of Ohio; that all of said work was performed in the open; that on the morning of the day in question the weather was cold and it was raining; that by reason of the rain his clothing be-

came wet; that he worked under these conditions for a period of two or two and one-half hours; that as a result of this unusual condition of weather, the same being the first day that he had performed work in the rain and with the weather as cold as it was, the same being the first time that his clothing and body had become saturated by reason of this unusual occurrence, the same being the first day he was compelled to perform work in the open without shelter of any kind, the same being the first day that he was directed to load wet tar barrels onto a rack, the same being performed in such a manner that the tar barrels were pressed against his body so that he became further saturated with water from contact with the tar barrels; that as a result of these conditions he developed a cold on the same day which became worse that evening; that he developed a temperature that night together with coughing spells and chills and on or about the 25th day of March he developed pneumonia so that he was confined to the hospital for quite some time and as a result of said pneumonia, he developed a heart condition, all of which has disabled him for a period of more than seven days."

The petition further alleged that his claim for compensation was denied by the Commission for the reason that the proof on file did not show claimant's disability was the result of an injury sustained in his employment.

Counsel for appellee in their brief cite and comment upon numerous Ohio decisions. Included among these are many gas fume and kindred cases supporting claims for compensation. Also included in such citations are some heat prostration cases. The case most strongly relied upon is **Johnson v Industrial Commission, 63 Oh Ap 544; 27 NE (2d) 418; 17 OO 271,** a recent decision by the Court of Appeals of Lucas County, opinion rendered April 3, 1939, and motion to certify overruled by the Supreme Court in cause No. 27,650. In the statement of the case we learn that the decedent,

Peter Johnson, on May 9, 1936, was engaged with other employees in straightening "buckles" caused by wind storm in some of the blades in a steel gas and oil storage tank being erected by his employer for the Pure Oil Company of Toledo. The tank was between thirty and thirty-five feet in height and approximately 100 feet in diameter. The top of roof was dome-shaped, its center being about six feet higher than the center edge of the tank. At the bottom of the tank was a manhole about 20 inches in diameter which was the only aperture through which workmen could enter and leave the tank. In the tank also were two ten-inch holes. These three holes were the only openings in the tank through which air from the outside could pass.

On this date of alleged injury to decedent the sun was shining 97% of the time, the velocity of the wind being from 6 to 14 miles an hour, the temperature outside of the tank varying from 69 to 88 degrees, the temperature inside the tank ranging from 110 to 120 degrees. Johnson going from the inside to the outside of the tank in the course of his employment was subjected to the change in temperature, and the evidence was that when he came from within the tank to the outside thereof and climbed upon the outside scaffold, 25 feet in height, to perform the work he was engaged to do, his clothes were wet with perspiration and as a result of the sudden change of temperature, later in the day he began feeling some pain or constriction in his chest and the following day was so ill that he remained at home in bed. The next day he was taken to Flower Hospital in Toledo where it was found that he was suffering from an early pneumonitis of both lungs which developed into pneumonia, both right and left lung, of which he died on May 17, 1936.

The opinion further states that the sole question presented is whether Johnson suffered "physical or traumatic injuries accidental in their origin and cause, the result of a sudden happening at a particular time". **Goodman v Industrial Commission, 135 Oh St 81.**

It is further stated in the opinion that the evidence as to the cause of the pneumonia was entirely medical and those testifying on behalf of appellee stated that the change in temperature caused thermal injury to the lung tissue and that the pneumonia resulted from the effect of the changes in temperature occasioned by Johnson getting in and out of the tank. One of the medical witnesses testified that this varying in temperature had caused a definite injury to the lungs and was just as much trauma in its resultant effect as though Johnson had been hit on the chest with a hammer.

It was the holding of the Court that the evidence adduced was sufficient under the test announced in the Goodman case, supra. The Court further stated that the evidence established that the cause of the pneumonia and death was the internal injury resulting from the change of temperature that Johnson was compelled to endure incidental to his employment.

It is clearly discernable that the petition in the instant case was drawn having in mind the Johnson case. This is explained by the fact that the same counsel represented the respective parties in the Johnson case as in the case now before us. There is one distinguishing feature that may have some significance. In the Johnson case it is stated that the decedent while at work felt pain or constriction in his chest. In the instant case there is no similar allegation, nor do the facts alleged raise such inference.

Counsel for appellant refers us to the case of Paxton v The Spicer Mfg. Corp., 45 Oh Ap 359. It is interesting to note that this opinion is also from the Court of Appeals of the Toledo District and the opinion was written by the same Judge. In the Johnson case no reference is made to the Paxton case, although there was much similarity in their facts. In the Paxton case the action was submitted as a death claim on behalf of decedent Paxton's beneficiaries. His claimed injuries were from pneumonia produced while working as a wet grinder. In the course of

his work he was compelled to place his hands and wrists in ice cold soda water solution and it was further stated that decedent was exposed by reason of the fact that no heat in that portion of the factory where he worked was provided, and that as a direct consequence decedent suffered severe and intense chills, was unable to continue his work after the noon hour and that as a direct and proximate result of said injuries the decedent contracted pneumonia and thereafter died.

The trial court sustained demurrer to the petition and this was affirmed by the Court of Appeals. The first syllabus reads as follows:

"Death from pneumonia is not compensable under the Workmen's Compensation Act unless proximately caused by a physical injury within course of employment."

And the second syllabus,

"In absence of physical injury, wet grinder's death from pneumonia allegedly caused by working in unheated factory and by immersion of hands in cold water, Held, not compensable."

It should be noted that in the instant case there is an entire absence of allegation of injury to plaintiff in the course of his employment. There is the allegation that following the exposure to which plaintiff was subjected as set forth in full on earlier pages of this opinion, that he developed a cold and two days later it progressed to pneumonia. This at once presents the query as to whether or not the petition adequately presents an allegation of injury in the course of his employment. Can it be said that all cases of pneumonia are preceded by injury? The lay mind has always looked upon pneumonia as a disease, and never until the Johnson case have we ever heard it urged that pneumonia, brought on by sudden changes of temperature, was attended with traumatic injury.

We are also referred to the case of Kaiser v Industrial Commission, 136 Oh

St 440, very recently decided by the Supreme Court. We are very familiar with this case in all its phases since we had the case on review, and affirmed the trial court. The Kaiser case in its facts is clearly distinguishable from the instant case, although the syllabus, if considered independent of the facts involved, would tend to support claimant's position in the instant case. In the Kaiser case we stated that if we were considering the matter as an original proposition we would find for claimant, but that we felt bound under the rule of stare decisis to follow the decision of the Supreme Court where the identical principle was announced in the case of Bernhardt v Industrial Commission of Ohio, 127 Oh St 582. Strange as it may seem, the Supreme Court in the majority opinion fails to mention the Bernhardt case upon which we relied, and, except from inference, we have no means of knowing whether or not it is the intention of the Supreme Court to overrule and set aside the pronouncement made in the earlier case. In the minority opinion rendered by Judge Matthias he does refer to the Bernhardt case and among other things states that the holding in the courts below was in accord with the unnanimous decision of the Supreme Court in the Bernhardt case. and further states that the majority departure therefrom will not promote the orderly and expeditious administration of the Workmen's Compensation Fund. In this Kaiser case the plaintiff had suffered very severe injuries, bringing about an operation on the heel of one foot and an amputation of leg originating by reason of frozen feet. There never was any question that the freezing of the feet was an injury sustained in the course of employment, and the only question presented in that case was whether or not claimant was entitled to a modification of award when in his original claim he had made no mention of injury to both feet.

We cannot bring ourselves to the conclusion that it is the accepted law of Ohio that under situations such as disclosed in the petition in the instant case, an injury is shown as contemplated under the Compensation Act.

The case of Industrial Commission v Middleton, 126 Oh St 212, is somewhat similar to the instant case in its facts. The plaintiff Middleton claimed that heavy lifting and exposure to cold produced facial paralysis and medical testimony was introduced supporting this claim. The Supreme Court determined that there was no trauma or accident involved, and hence judgment was entered for the Industrial Commission.

Our attention was also called to the fact that the Legislature in 1937 amended §1465-61 GC, by adding the following clause:

"The term 'injury' as used in this section and in the Workmen's Compensation Act shall include any injury received in the course of and arising out of the injured employee's employment."
,

Counsel for appellee very ably and persuasively urge that this amendment broadens the scope of the original section so that now any injury occurring in the course of and growing out of the employment is compensable. Prior to the amendment the courts had construed the section so that the injury had to be traumatic in character and accidental.

Even if counsel's claim as to the purpose of the amendment be conceded we are unable to see that the petition alleges injury or facts from which it would be inferred. The claim may be made that the evidence in the instant case would support the theory of injury just as fully and completely as was done in the Johnson case, supra. We do not think that this would relieve claimant of the obligation to properly allege in his petition the claim of injury.

We have been referred to numerous other cases, all of which we have examined, but do not think it necessary to make reference thereto in this opinion.

The judgment of the lower court will be reversed and final judgment entered

for defendant. Costs will be adjudged against appellee. Cause will be remanded for the purpose of carrying judgment into effect.

HORNBECK, PJ. & GEIGER, J., concur.